# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

Use this form to make corrections to your complaint. For example, you may need to change the list of defendants to include a person whose name you did not know at the time you filed your lawsuit. If you are amending your complaint after the Court has issued a Section 1915A Ruling and Order, make sure that you do not include any claims or defendants that the Court has dismissed.

CASE NO. 3:17cv67(AVC)

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

KEITH HIGHSMITH

FILED 2017 JAN 13 PM 12 36
U.S. DISTRICT COURT
NEW HAVEN, CT.

vs.

DEFENDANT(S) [Write the name(s) of all person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

VICKI SARA BLUMBERG (DOCTOR)

Rev. 10-5-15

Please complete every section and SIGN THE LAST PAGE.

A. **JURISDICTION**

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. ____✓____ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

B. **PLAINTIFF(S)** (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. First Plaintiff
   a. Full Name: KEITH MALOY HIGHSMITH
   b. Inmate Number: 86673
   c. Correctional facility: MC Dougall Correctional

2. Second Plaintiff
   a. Full Name:
   b. Inmate Number:
   c. Correctional facility:

C. **DEFENDANT(S)** (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

Do not include any defendants who the Court has already dismissed from your case.

1. First Defendant
   a. Full Name: VICKI SARA BLUMBERG
   b. Rank or Title: Doctor
   c. Workplace: NEW HAVEN Correctional

2. Second Defendant
   a. Full Name:
   b. Rank or Title:

Rev. 7-7-15

        c.      Workplace:

3. Third Defendant

        a.      Full Name:

        b.      Rank or Title:

        c.      Workplace:

4. Fourth Defendant

        a.      Full Name:

        b.      Rank or Title:

        c.      Workplace:

5. Fifth Defendant

        a.      Full Name:

        b.      Rank or Title:

        c.      Workplace:

6. Sixth Defendant

        a.      Full Name:

        b.      Rank or Title:

        c.      Workplace:

D. **PREVIOUS LAWSUITS**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.

1. First Lawsuit

        a.      Court and Date filed:

        b.      Caption and Docket No.:

        c.      Briefly, what was this lawsuit about?

        d.      Did you win or lose?  If you lost, did you appeal? If you appealed, what did the appeals court say?

2. <u>Second Lawsuit</u>

    a.     Court and Date filed:

    b.     Caption and Docket No.:

    c.     Briefly, what was this lawsuit about?

    d.     Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3. <u>Third Lawsuit</u>

    a.     Court and Date filed:

    b.     Caption and Docket No.:

    c.     Briefly, what was this lawsuit about?

    d.     Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

<u>Example of Statement of Case</u>

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m. in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

**Now describe your claims.**

<u>Statement of Case</u>

1. A few months after I entered New Haven Correctional my back begin to itch real bad

2. On 11th month of 2014 I saw doctor who ordered ointment for my back which was severely dry said doctor

3. Doctor Vicki Sara Blumberg refused to order nurses to apply ointment on my back which consisted of eczema

4. I filed grievance on 11-13-14

5. Went to sick call on 11-27-14 and was told by nurse I was put on list to see doctor

6. Was seen again by Doctor Vicki Sara Blumberg on 12-2-14 and doctor still refused to have ointment applied to back

7. Saw doctor again (Vicki Sara Blumberg) on 1-26-15 about my back she stated that she would not order nurses to apply ointment to back

8. Wrote grievance on Doctor Blumberg on 2-4-15 for refusing to order nurses to apply to back

9. Saw Doctor Blumberg on 3-12-15 and was not given any new remedy for back she continues to refuse ointment to by applied to back showing deliberate indifference to my medical needs

Rev. 10-5-15

E.  **REASON FOR COMPLAINT**

WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim**. If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis*. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. Failure to use the prison grievance process before suing. If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison. If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. **If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.**

Now you need to explain how your **federal** rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is **who did what, when they did it, and how you were harmed.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Rev. 10-5-15

## STATEMENT OF CASE (CONTINUED)

11. Until 12-16-16 I've suffered with infected back

12. Was seen at sick call on 12-16-16 for my back and was told that ointment would be ordered and applied to back

13. Nurses were ~~ordered~~ ordered to put ointment on back for 30 days

14. Nurses started applying ointment on 12-17-16 and up until this date 1-4-17 nurses state that my back has improved tremendously

15. Nurses state that discoloration have not changed but scaley skin and severe dryness has improved.

16. Therefore if Doctor Vicki Sara Blumberg had not shown deliberate indifference to my medical needs and ordered nurses to apply ointment to my back it would not have gotten worse and could have been cured.

17. Instead I suffered over two years until I came to McDougall Correctional



# Inmate Request Form
## Connecticut Department of Correction

CN 9601
REV 1/31/09

| Inmate name: | | Inmate number: |
|---|---|---|
| Facility/Unit: | Housing unit: | Date: |

Submitted to:

Request:

_continue on back if necessary_

Previous action taken:

_continue on back if necessary_

| Acted on by (print name): | Title: |
|---|---|

Action taken and/or response:

_continue on back if necessary_

| Staff signature: | Date: |
|---|---|

If you need more space, attach additional pages, but be as brief as possible.

## F. REQUEST FOR RELIEF

Tell the court what kind of relief you want. Remember: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

I want to be paid for my mental emotional and physical pain. I'm suing Doctor Gara Blumberg in her individual and official capacity for one hundred thousand dollars in both capacities

G. Do you wish to have a jury trial? Yes ✓  No _____

## H. DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: _[signature]_

Signed at _McDougall Correctional_ on _____
            (Location)                    (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.

Rev. 10-5-15

I.  **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

1. Sign the Declaration under Penalty of Perjury on p. 8.
2. Answer all questions on the complaint form.

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

Rev. 10-5-15